## BURLESON, PATTERSON & CO. v. G. W. GRANT.

1. A written obligation to pay a certain amount of money in a good cash note, becomes a monied demand by operation of law, on the failure of the obligor to give such a note as was described in the obligation.
2. It is error to admit evidence to vary the terms of a written contract.

APPEAL from Walker.   Tried below before the Hon. J. R. Burnett.

The opinion of the court sufficiently states the facts of the case.

*Baker & Maxcy*, for appellants.

*Abercrombie & Banton*, for appellee.

WALKER, J.   Mrs. Martha Wallace was the sister of A. G. Grant, deceased, to whom the instrument sued on was given.   Grant died, leaving a will, in which the appellee was interested.   Mrs. Wallace was about to institute proceedings to set aside the will. The matter was compromised by an agreement to pay her the sum of five thousand dollars.   A. G. Grant had made his will in favor of the appellee, who appears to have paid the larger portion of the amount agreed upon, and, in settlement of the balance, gave the obligation sued on, which reads as follows :

"Memphis, Tenn., Nov. 23d, 1861.

" I hereby promise to pay Mrs. Martha Wallace two hundred " and seventeen dollars and eighty-seven cents, in a good solvent " cash note, due the estate of A. G. Grant, deceased, to count " interest from the 1st day of September last.

"GEO. W. GRANT."

The only question presented for our consideration is this : Was this such a personal obligation as, by operation of law, became a monied demand on failure of the obligor to give Mrs. Wallace such a note as was promised in the instrument ?—and we have no hesitation in saying that it was, and the court should have so charged the jury.

The evidence admitted to vary the terms of this contract was incompetent, and should have been excluded from the jury.

The judgment of the District Court is reversed, and the cause remanded.

Reversed and remanded.